UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANZOLA A.E.,

                Petitioner,

    v.

WARDEN OF CALIFORNIA CITY
DETENTION CENTER,

                Respondent.

No. 1:26-cv-03062-RLP

ORDER DENYING HABEAS
PETITION

Before the Court is Petitioner Anzola A.K.'s [1] ("Petitioner") petition for writ of habeas corpus and motion for a temporary restraining order, ECF Nos. 1, 3.

_____

[1] The Court uses only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER DENYING HABEAS PETITION ~ 1

Petitioner challenges the lawfulness of his civil detention and seeks immediate release or, alternatively, a bond hearing. In opposition, Respondent contends Petitioner is detained under 8 U.S.C. § 1226(a) and is eligible for a bond hearing but has not requested one. Therefore, Respondent requests that the Petition be dismissed because Petitioner has not exhausted his administrative remedies. The Court agrees with Respondent.

## BACKGROUND

Petitioner is a citizen of Colombia who was admitted to the United States in August 2022 as a nonimmigrant Visitor For Pleasure. ECF No. 9-2 at 2. He was authorized to remain in the United States until February 2023 but overstayed his visa. *Id.* In February 2026, Petitioner was arrested by local law enforcement for hit and run/leaving the scene of an accident. *Id.* at 3. The case was resolved as a misdemeanor, and he was sentenced to time served. *Id.*; ECF No. 9-3 at 3-4. He was taken into ICE custody and has been in immigration detention ever since.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."

ORDER DENYING HABEAS PETITION ~ 2

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

ANALYSIS

Respondent indicates that petitioner is detained pursuant to 8 U.S.C. § 1226(a) and contends the petition should be denied without prejudice based on Petitioner's failure to exhaust administrative remedies. "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). In this case, it appears that although Petitioner is entitled to a bond hearing under section 1226(a), he has not requested one. Petitioner has not alleged that he requested a bond hearing and a bond hearing was denied. Petitioner has not alleged any facts or made any argument suggesting that failure to exhaust administrative remedies should be excused in this case. Accordingly, the petition should be dismissed without prejudice.

ORDER DENYING HABEAS PETITION ~ 3

Petitioner's other allegations such as depression, burned food, difficulty communicating with family, and delayed medical care, ECF No. 1 at 7, involve conditions of detention which are not before the Court on this habeas petition seeking release from detention. *See Pinson v. Carvajal*, 69 F.4th 1059, 1065-68 (9th Cir. 2023) (noting there is no authority for a conditions of confinement claim under § 2241).

Accordingly, **IT IS ORDERED:**

1.  The Petition for Habeas Corpus, **ECF No. 1**, is **DISMISSED** without prejudice**.**

2.  The Motion to Appoint Counsel, **ECF No. 2**, and the Motion for Temporary Restraining Order, **ECF No. 3**, are denied as moot.

**IT IS SO ORDERED.**  Judgment shall be entered for the Respondent and the file is CLOSED.  A copy of this Order shall be transmitted to Petitioner by mail.

DATED June 16, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING HABEAS PETITION ~ 4